**FILED**
August 26, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: NM
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **TANISHEL ELEUTERIA GONDOLA WILLIAMS, A# 037 618 864,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | **NO. SA-26-CV-05484-OLG** |
| **v.** | § | |
| | § | |
| **WARDEN, Dilley Immigration Processing Center, ET AL.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Before the Court is *pro se* Petitioner Tanishel Eleuteria Gondola Williams's emergency motion to appoint counsel in this 28 U.S.C. § 2241 immigration habeas matter. (Dkt. No. 2). Upon review, the Court orders the motion **DENIED**. (*Id.*).

"[R]emoval proceedings are 'civil, not criminal in nature.'" *Gonzalez–Reyes v. Holder*, 313 F. App'x 690, 696 (5th Cir. 2009) (quoting *Sewani v. Gonzales*, 162 F. App'x 285, 288 (5th Cir. 2006) (per curiam)). Accordingly, "an alien has no Sixth Amendment right to effective counsel during removal proceedings." *Rodriguez–Salazar v. Sessions*, 691 F. App'x 173, 174 (5th Cir. 2017) (per curiam) (quoting *Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006)). However, under § 3006A(a)(2)(B) of Title 18 of the United States Code, "a [financially–eligible habeas] petitioner should be appointed counsel when 'the interests of justice so require.'" *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011) (per curiam) (concerning federal post–conviction proceedings; quoting 18 U.S.C. § 3006A(a)(2)(B)).

The Court finds that under § 3006A(a)(2)(B), the interests of justice do not *currently* require that the Court appoint counsel for Gondola Williams. After reviewing the Petition, the Court finds the issues in this matter are not so novel or of such complexity that counsel is

required. *See Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985); *Schwander v. Blackburn*, 750 F.2d 494, 502–03 (5th Cir. 1985). Moreover, Gondola Williams's Petition demonstrates, at least at this stage, that she is able to adequately represent herself. *See Self*, 751 F.2d at 793; *Schwander*, 750 F.2d at 502–03. Thus, the Court finds Gondola Williams has not established that justice mandates appointment of counsel at this time. *See Urias*, 455 F. App'x at 523.

Although the Court denies Gondola Williams's motion for appointed counsel, the motion will be denied without prejudice. Should circumstances change as this litigation proceeds, Gondola Williams may renew her motion if there is a proper showing that the interests of justice require appointment of counsel. The Court may also consider appointing counsel on its own motion.

**IT IS THEREFORE ORDERED** that *pro se* Petitioner Tanishel Eleuteria Gondola Williams's emergency motion to appoint counsel (Dkt. No. 2) is **DENIED**.

It is **SO ORDERED**.

**SIGNED** this 26th day of August, 2026.

ORLANDO L. GARCIA
United States District Judge